# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PAMELA ROUNSAVILLE** for<br>**S.N.W., a minor,**<br><br>   Plaintiff,<br><br>v.<br><br>**KILOLO KIJAKAZI,**[1]<br>**Acting Commissioner of the Social**<br>**Security Administration,**<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-20-316-RAW-SPS<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

The claimant Pamela Rounsaville requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying benefits for her grandson S.N.W. under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining S.N.W. was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability for persons under the age of eighteen according to the Social Security Act is defined as a medically determinable physical or mental impairment or combination of

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

impairments that causes marked and severe functional limitations and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 416.906. Social Security Regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[2] Step one requires claimant to establish the child is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 416.971-416.976. Step two requires claimant to establish the child has an impairment or combination of impairments that is severe. If the child is engaged in substantial gainful activity or is found not to have a medically determinable impairment or the impairment causes a slight abnormality or combination of slight abnormalities resulting in no more than minimal functional limitations, he is considered not disabled. At step three, the child's impairment must meet, medically equal, or functionally equal the severity of an impairment in the listing of impairments found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A child suffering from a listed impairment or impairments that meets or medically equals the requirements of the listing or that functionally equals the listing and meets the duration requirement will be found disabled. See 20 C.F.R. § 416.924(a)-(d)(2).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Background and Procedural History

S.N.W. was twelve years old at the time of the administrative hearing (Tr. 34, 214). The claimant alleges S.N.W. was disabled as of his application date of November 28, 2017, due to autism, depression, severe anxiety, ADD, night terrors, audio sensory disorder, paranoia, and asthma (Tr. 230). On November 28, 2017, the claimant filed an application for supplemental security income benefits under Title XVI, 42 U.S.C. § 1381 *et seq*. Her application was denied. ALJ James Stewart conducted an administrative hearing and determined that S.N.W. was not disabled in a written opinion dated September 5, 2019 (Tr. 13-28). The Appeals Council denied review, so the ALJ's findings represent the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation. He determined S.N.W. had the severe impairments of asthma, anxiety, obsessive-compulsive disorder, neurodevelopment disorder, ADHD, autism spectrum, and depression, but that such impairments did not meet and were neither medically nor functionally equivalent to any of the relevant listings (Tr. 16-28). The ALJ thus concluded that S.N.W. was not disabled (Tr. 28).

## Review

The claimant contends that the ALJ: (i) made an almost verbatim analysis for two of the six domains of functioning, (ii) failed to properly account for treatment notes from

S.N.W.'s psychiatrist, (iii) failed to perform a consistency evaluation of the claimant's (S.N.W.'s grandmother) statements, and (iv) failed to account for the claimant's testimony in evaluating the domains of functioning. The undersigned Magistrate Judge agrees that the ALJ erred in his analysis, and the decision should be reversed and remanded.

At step three in a childhood disability case, the ALJ must determine whether the child's impairment or combination of impairments medically equals or functionally equals the listings. *See Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001). If a child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ must then determine whether the child's impairment functionally equals the listing, which means that the impairment (or combination of impairments) results in marked limitations in at least two of six domains of functioning or an extreme limitation in at least one domain of functioning. *See* 20 C.F.R. § 416.926a(a). These domains include: (i) acquiring and using information, (ii) attending and completing tasks, (iii) interacting and relating with others, (iv) moving about and manipulating objects, (v) caring for yourself, and (vi) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1)(i)-(vi). When the ALJ determines there is a marked limitation in one of the six domains, he has found the limitation seriously interferes with the "ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). An extreme limitation interferes very seriously with a child's ability to do these things. *Id.* § 416.926a(e)(3)(i). Consideration of functional limitations includes information pertaining to functioning, such as reports of classroom performance, observations from others, or evidence of formal testing. *Id.* § 416.926a(e)(1)(i-ii).

In his written opinion in this case, the ALJ determined that S.N.W.'s impairments did not meet, medically equal, or functionally equal a listing. In making these findings, the ALJ summarized much of the evidence, including the testimony of S.N.W.'s grandmother and the medical evidence in the record (Tr. 17-28). The ALJ then separately discussed each of the six domains of functioning, providing lengthy boilerplate descriptions for each domain, then providing one-paragraph findings for each domain (Tr. 22-28). The ALJ concluded that S.N.W. had "no limitation" in the three domains of acquiring and using information, caring for yourself, and health and physical well-being, and that he had a "less than marked" limitation in the remaining three domains of attending and completing tasks, interacting and relating with others, and moving about and manipulating objects (Tr. 22-17). He thus determined that S.N.W. was not disabled.

More specifically to this appeal, in the domain of "acquiring and using information," the ALJ found the claimant had no limitation. In support, the ALJ cited a teacher evaluation and state reviewing physician findings that the claimant had no limitation. He additionally cited to one record from treating physician Dr. Naveed Siddique and one from a psychologist, Dr. Todd Graybill. However, the record he attributes to Dr. Siddique is actually signed by Dr. Kimberly Milford (Tr. 371-372). The ALJ noted that S.N.W. showed appropriate behaviors at home and with friends, showed pride in achievements, completed schoolwork, and was able to follow and retain simple directions on testing. Additionally, he noted that S.N.W. was in the average range of testing for attention span and concentration, and reportedly handled schoolwork well (Tr. 23). As to the domain of "attending and completing tasks," the paragraph language is nearly identical, with the

-5-

exception that the ALJ has changed the domain name, eliminated the reference to a teacher evaluation, and changed the evaluation to a "less than marked" limitation. Otherwise, the "analysis" is the same, including the attribution of a record to the wrong physician (Tr. 24).

The claimant first contends that the ALJ improperly evaluated the evidence related to these two domains of functioning with identical analyses: acquiring and using information and attending and completing tasks. In support, the claimant correctly notes, as discussed above, that the ALJ's "analysis" was a nearly identical paragraph in two domains. The Government would interpret this as a mere scrivener's error or alternatively contends that the evidence applies to both domains, but the undersigned Magistrate Judge finds the analysis was deficient for both domains. "The ALJ is charged with carefully considering all the relevant evidence and *linking* his findings to specific evidence." *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000) (emphasis added) (*citing Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Here, the analysis is unclear if not erroneous, leaving the Court unable to derive how the ALJ reached his conclusions. "In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion . . . and whether he applied the correct legal standards to arrive at that conclusion. The record must demonstrate that the ALJ considered all of the evidence and the ALJ must discuss the evidence supporting his decision, the uncontroverted evidence he chooses not to rely on, and significantly probative evidence he rejects." *Clifton*, 79 F.3d at 1009-1010. Thus, while the ALJ's overall decision does include a recitation of most of the evidence in the record (as pointed out by the Government), he did not link the evidence to his conclusions to the specific domains of

functioning, particularly the two listed above. Such conclusory findings require remand for the Commissioner to explain his decision.

Additionally, the claimant alleges that the ALJ erred in failing to properly evaluate the consistency of her statements at the administrative hearing. "In determining whether a child is disabled, the agency will accept a parent's statement of a child's symptoms if the child is unable to adequately describe them." *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1176 (10th Cir. 2014). *See also* 20 C.F.R. § 416.929. "'In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying.'" *Knight*, 756 F.3d at 1176 (quoting *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001)). The Commissioner uses a two-step process to evaluate a claimant's subjective statements of pain or other symptoms:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second . . . we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . .

Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *3 (October 25, 2017).[3] Tenth Circuit precedent is in accord with the Commissioner's regulations but characterizes the evaluation as a three-part test. *See e. g., Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166-67 (10th Cir.

---

[3] SSR 16-3p is applicable for decisions on or after March 28, 2016, and superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996). *See* SSR 16-3p, 2017 WL 5180304, at *1. SSR 16-3p eliminated the use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of [a claimant's] character." *Id.* at *2.

2012) (*citing Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)).[4] As part of the symptom analysis, the ALJ should consider the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), including: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (v) treatment for pain relief aside from medication; (vi) any other measures the claimant uses or has used to relieve pain or other symptoms; and (vii) any other factors concerning functional limitations. *See* Soc. Sec. Rul. 16-3p, 2016 WL 1119029, at *7-8 (Mar. 16, 2016). Pursuant to the applicable agency guidance, the decision also must "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.*, 2016 WL 1119029, at *9.

Here, the ALJ's opinion is entirely lacking this analysis. Rather than apply any of these factors, the ALJ simply recited the boilerplate language that the claimant's "statements concerning the intensity, persistence, and limiting effects are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. 18). Thus,

---

[4] Analyses under SSR 16-3p and *Luna* are substantially similar and require the ALJ to consider the degree to which a claimant's subjective symptoms are consistent with the evidence. *See, e. g., Paulek v. Colvin*, 662 Fed. Appx. 588, 593-4 (10th Cir. 2016) (finding SSR 16-3p "comports" with *Luna*) and *Brownrigg v. Berryhill,* 688 Fed. Appx. 542, 545-46 (10th Cir. 2017) (finding the factors to consider in evaluating intensity, persistence, and limiting effects of a claimant's symptoms in 16-3p are similar to those set forth in *Luna*). This Court agrees that Tenth Circuit credibility analysis decisions remain precedential in symptom analyses pursuant to SSR 16-3p.

the ALJ failed to link his subjective statement analysis to the evidence and provided no specific reasons for the determination. The undersigned Magistrate Judge therefore finds that the ALJ's boilerplate evaluation of the claimant's subjective statements fell below the abovementioned standards. *See, e.g., Sontag v. Astrue*, 2012 WL 3427416, at *7 (N.D. Okla. Aug. 15, 2012) ("Here, there was no more thorough analysis that followed the ALJ's use of boilerplate language, and the lack of that analysis requires reversal. While there may have been sufficient reasons with supporting evidence that could justify an adverse credibility determination, the undersigned finds that the Court cannot make that determination without impermissibly substituting its judgment for that of the ALJ.") (*citing Hardman v. Barnhart*, 362 F.3d 676, 678-681 (10th Cir. 2004); *Peeper v. Astrue*, 418 Fed. Appx. 760, 766 (10th Cir. 2011)). Because the ALJ wholly failed to explain his boilerplate conclusion with affirmative links to the record, his analysis of the claimant's subjective statements was defective, and the case should therefore be reversed for a proper analysis.

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of *all* the evidence in the record in accordance with the appropriate standards. If such analysis results in any adjustments to the step three findings regarding any of the six domains of functioning, the ALJ should re-determine whether S.N.W. is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the

ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of March, 2022.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**